UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR, <br><br> Plaintiff, <br><br> v. <br><br> MARCIA STEVENSON-BRIDGES, et al., <br><br> Defendants. | No. 1:19-cv-00844-DAD-SAB (PC) <br><br> ORDER DISMISSING ACTION FOR VIOLATION OF PREFILING ORDER |

On June 17, 2019, plaintiff Brandon Alexander Favor, appearing *pro se*, filed a complaint, a motion to appoint counsel, and a motion for modification of his state court imposed sentence. (Doc. Nos. 1, 2, 3.)

This court has previously declared plaintiff to be a vexatious litigant in *Favor v. Wimfroy*, No. 1:17-cv-00944-AWI-JLT (HC) (E.D. Cal.). A September 27, 2017 order made plaintiff subject to pre-filing review of all future habeas corpus petitions. Pursuant to the pre-filing order:

> To file any habeas corpus petition, Petitioner must:
>
> (a) Include with the petition a copy of this Vexatious Litigant Order;
>
> (b) Include with the petition the filing fee or a completed application to proceed *in forma pauperis*, along with a certified copy of his prison trust account statement;
>
> (c) Use the proper form for a habeas corpus action;
>
> (d) Name the proper parties;

1

(e) Clearly and concisely specify the grounds for relief and facts supporting each ground,

(f) Include only claims that allege violations of the Federal Constitution;

(g) Include only claims that are the proper subject matter for a habeas corpus petition;

(h) Prove that Petitioner has exhausted his state court remedies by having presented the petition's claims to the California Supreme Court in a procedurally proper form, and prove that his direct appeal concerning the conviction being challenged has been ruled on by the California Court of Appeal;

(i) Show that Petitioner is in custody to challenge the conviction that the claims arise from; and

(j) Show that any arrest Petitioner challenges led to a conviction Petitioner is in custody to challenge;

Upon receipt of any habeas corpus petition filed by Petitioner, the Clerk of the Court is DIRECTED to mark the petition "Received." The Court will then screen the petition to determine if the above requirements are met. Only if Petitioner meets all of these requirements will the Court file any future habeas petition submitted by Petitioner. All other habeas petitions will be returned to Petitioner.

*Favor v. Wimfroy*, No. 1:17-cv-00944-AWI-JLT (HC) (E.D. Cal. Sept. 27, 2017).

Here, although plaintiff filed this action using a civil rights complaint form, upon review thereof, the court finds that plaintiff's complaint must be brought as a habeas petition. The complaint recounts the actions of plaintiff and an unidentified individual on November 8, 2004. (Doc. No. 1 at 6–9.) Although the allegations of the complaint are somewhat unintelligible, it appears plaintiff is asserting a violation of his Sixth Amendment right to effective assistance of counsel, and seeks relief of "State referral, Bond Petition - Bail Response - In application - Damages - Unspecified - Raquel Harper Robbery Supplication - Medical Supplication." (*Id.* at 6, 10.)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for

2

relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* at 750 (internal citation omitted). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), *cert. denied*, ___U.S.___, 137 S. Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Id.* at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 534 n.13 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *accord Nettles*, 830 F.3d at 934.

Although plaintiff purports to bring this matter as a civil rights action under 42 U.S.C. § 1983, he seeks to challenge the denial of his right to counsel under the Sixth Amendment and seeks to modify the sentence imposed in his underlying criminal case by the state court. (*See* Doc. Nos. 1, 3.) As such, the proper avenue to seek such relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

In filing this habeas petition, however, plaintiff has violated the September 27, 2017 pre-filing order by failing to, at a minimum: 1) include a copy of the vexatious litigant order with any petition; 2) include the filing fee or a completed application to proceed *in forma pauperis* and a copy of his prison trust account statement; 3) use the proper form for a habeas corpus action; and 4) clearly and concisely specify the grounds for relief and facts supporting each ground for relief. Plaintiff's complaint in this action must therefore be dismissed.

Accordingly,

1. This action is dismissed for plaintiff's failure to comply with the September 27, 2017 pre-filing order entered in *Favor v. Wimfroy*, No. 1:17-cv-00944-AWI-JLT (HC) (E.D. Cal.);

/////
/////
/////

2. Plaintiff's motion to appoint counsel (Doc. No. 2) and motion for modification of sentence (Doc. No. 3) are denied as moot; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 26, 2019**__  /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE